IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**LOUIS CROOK, JR.**                                                                  **PLAINTIFF**

VS.                                             **4:07CV00604JMM**

**DEPARTMENT OF VETERANS AFFAIRS,**
**R. JAMES NICHOLSON,**
Secretary of Veterans Affairs                                         **DEFENDANT**

### ORDER

Pending is Defendant's motion for summary judgment. (Docket # 18). Plaintiff has responded and Defendant has filed a reply. For the reasons set forth herein, Defendant's motion is granted.

### Facts

On May 9, 2000, Louis Crook, Jr. ("Crook") signed and dated a Total Permanent Disability Cancellation Request with the United States Department of Education requesting that his loan holder cancel his Federal Family Education Loan or his William D. Ford Federal Direct Loan. On this form, Crook certified that he was "unable to work or go to school because of an illness or injury that is expected to continue indefinitely or result in death."

In or about October, 2004, Crook applied for a job with the VA as a housekeeping aide. On the medical form portion of his application, Crook certified that he understood that "falsification of information on Government forms is punishable by fine and/or imprisonment." This form listed the functional and environmental requirements for the housekeeping aide position as including heavy lifting, 45 pounds and over; moderate carrying, 15-44 pounds; use of fingers; standing six hours; crawling; kneeling; climbing; working with dust and solvents, working on ladders or scaffolding; working with hands in water; and protracted or irregular

hours. Crook signed the form indicating that he "did not have any medical disorder or physical impairment which would interfere in any way with the full performance of the duties shown." Crook also certified that he had not consulted or been treated by clinics, physicians, healers or other practitioners within the past five years for other than minor illnesses.

Thereafter, Crook was hired on a probationary basis. On December 17, 2004, the VA sent Crook a proposed termination letter charging him with providing inaccurate information during his preemployment physical. Additionally, the proposed termination letter referred to an incident in which Crook was asked to perform a task and Crook replied: "it depends on what the task is because I cannot lift heavy objects." On January 11, 2004, the VA sent Crook a final termination letter sustaining the reasons in the notice of proposed termination.

On February 27, 2007, an Administrative Judge held a hearing in North Little Rock, Arkansas regarding an employment discrimination complaint filed by Crook in which Crook alleged race, sex, age and/or disability discrimination. Norman Depaul Brown, the clinical manager who conducted the pre-placement physical for Plaintiff testified that he noticed discrepancies between the answers that Crook certified on his medical application and Crook's medical records including: (1) Crook stated that he did not have chronic sinusitis but his medical records reflected an extensive history of chronic sinusitis, and (2) Crook reported that he had no recurrent back pain and his records showed "an extensive history of musculoskeletal injury, [and] had been treated at the VA for a variety of back pain and upper extremity pain problems." Lavonda Evans, the Chief of Environmental Management Services ("EMS") testified that she did not consider Plaintiff as a person with a disability but as a person who was unable to perform the essential functions of his job. She also testified that in 2004 approximately 85 to 90% of EMS

employees were African American; approximately 10% were female; and 90% were over the age of 40. Following the hearing, the Administrative Judge found no discrimination.

Plaintiff argues that he properly alerted the medical staff to his known current medical conditions, specifically with regard to his wrists and arthritis. Plaintiff claims that he could lift items weighing 45 pounds but could not lift 50 pounds and he was qualified to perform the job of Housekeeping Aide based on the medical findings of the examining medical care provider. Plaintiff claims that he was discriminated against based on his disability in that he has an impairment that limited one or more life functions. Plaintiff bases his race discrimination claim on the testimony of Mr. Andrew Horton, Supervisor of Environmental Management Services wherein Mr. Horton testified that he had recommended that a white probationary employee be removed for conduct, but his recommendation was not followed. Mr. Horton stated that there were double standards when it came to blacks and whites within EMS. Plaintiff also claims that he was discriminated against based on age and gender.

Defendant argues that summary judgment is proper on all claims.

## Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

### Discussion

To establish a *prima facie* case of race or sex discrimination, the following elements must be proved by Plaintiff:

(1)   Plaintiff was a member of a protected group;
(2)   Plaintiff was meeting the legitimate expectations of his employer;
(3)   Plaintiff suffered an adverse employment action; and
(4)   similarly situated employees, who are not members of the protected group were treated differently.

*Clark v. Runyon,* 218 F.3d 915 (8th Cir. 2000).

Once a *prima facie* case is established, a rebuttable presumption of discrimination arises and the burden then shifts to the employer to articulate a legitimate nondiscriminatory business reason for its actions. *McDonnell Douglas Corp.v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817 (1973).  Once such a reason is produced, "the presumption disappears and the [plaintiff] bears the burden of proving that the proffered reason was pretextual and the real reason for the [adverse employment action] was discrimination." *Thomas v. First Nat'l Bank,* 111 F.3d 64 (8th Cir. 1997).

Plaintiff satisfies the third element of his *prima facie* case. Even if the Court were to find that Plaintiff was meeting the legitimate expectations of his employer, the Plaintiff has failed to present any evidence to demonstrate that similarly situated individuals, who were not members of the protected group, were treated differently.  Plaintiff offers the testimony of Mr. Horton regarding a probationary white employee who he recommended terminating but who Chief Evans refused to terminate to show similarly situated individuals were treated differently.  However, "to be able to introduce evidence comparing the plaintiff to other similarly situated employees in a discrimination case, the other employees must have been 'similarly situated to the plaintiff in all relevant aspects.'" *Kight v. Auto Zone, Inc.*, 494 F.3d 727, 734 (8th Cir. 2007) *quoting Forrest v. Kraft Foods, Inc*., 285 F.3d 688, 691-92 (8th Cir. 2002).   To show that he was similarly situated Plaintiff must establish that he was treated differently from those employees whose violations were of comparable seriousness.  *Williams v. St. Lukes- Shawnee Mission Health Sys*., 276 F. 3d 1057 (8th Cir. 2002).  Plaintiff offers no evidence to demonstrate that this white probationary employee falsified an employment application.  Accordingly, this employee

cannot be considered similarly situated.

Even if the Court were to find that Plaintiff established a *prima facie* case, the Court finds that the Defendant has articulated legitimate business reasons for its decision and Plaintiff has failed to prove pretext. Defendant articulated legitimate, nondiscriminatory reasons for its employment decision; Plaintiff provided inaccurate information on his employment application and was unable to perform the essential functions of the job. Additionally, the evidence demonstrates the 90% of EMS employees were male and 85 to 90% of EMS employees were African American. Plaintiff attempts to prove pretext by arguing that the Defendant failed to follow its own policies regarding advancement opportunities for veterans and persons with disabilities and changed its reasons for the termination by adding that he was unable to do the essential functions of the job. However, even assuming Defendant terminated Plaintiff's employment based on false information, Plaintiff's claim will still not survive summary judgment. "Regardless of the method employed to prove pretext, a plaintiff 'must demonstrate that a discriminatory animus lies behind the defendants' neutral explanations.'" *Arnold v. Nursing and Rehabilitation Center at Good Shepherd, LLC,* 471 F.3d 843, 847 (8th Cir. 2006). Courts are not permitted to second-guess an employer's personnel decision or to correct an unwise decision if the employer gives an honest, nondiscriminatory explanation for its decision. *Gill v. Reorganized Sch. Dist R-6*, 32 F.3d 376, 379 (8th Cir. 1994). Defendant states that Plaintiff was terminated because he falsified his employment application and was unable to perform the essential functions of the job. Even if the decision makers were wrong in their conclusions, there is still no basis for recovery for discrimination. *Scroggins v. Univ. of Minn*, 221 F. 3d 1042, 1045 (8th Cir. 2000) (the relevant inquiry is whether the defendant believed the

plaintiff was guilty of the conduct justifying the discharge, not whether he was actually guilty). Plaintiff has failed to offer any evidence to suggest race or gender animus as the reason for his termination.

Title VII does not prohibit discrimination on the basis of age. Plaintiff does not cite the Age Discrimination in Employment Act ("ADEA") (29 U.S.C. § 621 et seq.) as the basis of his age discrimination claim, however, because Plaintiff alleges that his termination was the result of age discrimination, the Court will analyze this claim under the ADEA.

Based on the evidence in this case, the parties agree that Plaintiff's claims are properly analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under that analysis, the plaintiff must first establish a *prima facie* case that the defendant violated the statute. "To make such a case under the ADEA, the plaintiff must ordinarily show that: (1) he is a member of a protected age group; (2) he was performing her job at a level that met his employer's legitimate expectations; (3) he was discharged; and (4) he was replaced by a younger worker". *Hitt v. Harsco Corp.*, 356 F.3d 920, 924 (8th Cir.2004), *citations omitted*.

Once an age discrimination plaintiff has established a *prima facie* case, the burden shifts to the defendant to "'produc[e] evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason.'" *Reeves v. Sanderson Plumbing Prod., Inc.,* 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (quoting *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). If the employer meets its burden to produce such evidence, then the plaintiff must "'prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but

were a pretext for discrimination.'" *Reeves,* 530 U.S. at 143, 120 S.Ct. 2097 (quoting *Burdine,* 450 U.S. at 253, 101 S.Ct. 1089).  The Court finds that even assuming Plaintiff was meeting the legitimate expectations of his employer, Plaintiff has failed to present a *prima facie* case. Plaintiff has offered no evidence that he was replaced with a younger worker. The evidence establishes that 90% of EMS employees were over the age of 40. Additionally, Defendant has provided a legitimate, nondiscriminatory reason for his termination and Plaintiff has failed to prove pretext.

Plaintiff also contends that he was discriminated against based upon a disability.  Plaintiff claims the termination letter wherein it states:  "your condition will not allow you to perform the full range of duties found in your position" provides direct evidence of discrimination.  Plaintiff argues that his disability included the limitation of lifting 50 pounds or more and the disability in his wrists.

In ADA cases, a plaintiff may survive a defendant's summary judgment motion in one of two ways, presenting either direct or inferential evidence of discrimination. "Direct evidence is evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action." *Griffith v. City of Des Moines*, 387 F. 3d 733, 736 (8th Cir. 2004)(internal quotation omitted).

Defendant contends that it did not regard Plaintiff as a disabled person; rather, he was a person who could not meet the physical requirements of the position.  Plaintiff admits he had a 50 pound lifting restriction and based upon the testimony of Paul Brown, there is a 50 pound plus lifting expectation in housekeeping aid positions.

If the plaintiff lacks direct evidence of discrimination, he must avoid summary judgment by creating the requisite inference of unlawful discrimination under the *McDonnell Douglas* framework.  Under this analysis, the employee bears the burden of establishing a *prima facie* case of discrimination.  *See Libel v. Adventure Lands of America, Inc*.  482 F.3d 1028, 1034 (8th Cir. 2007).  In order to establish a *prima facie* case of discrimination under the ADA, a plaintiff must demonstrate "that (1) he is disabled within the meaning of the ADA; (2) he is qualified to perform the essential functions of his job with or without reasonable accommodation; and (3) he suffered an adverse employment action under circumstances that give rise to an inference of unlawful discrimination based on disability." *Dropinski v. Douglas County, Neb.,* 298 F.3d 704, 706-07 (8th Cir.2002).

A plaintiff is disabled within the meaning of the ADA if he (A) has a physical or mental impairment that substantially limits one or more of his major life activities, (B) has a record of such an impairment, or (C) is regarded as having such an impairment. 42 U.S.C. § 12102(2) (2000).  *Wood v. Crown Redi-Mix, Inc*. 339 F.3d 682, 684 (8th Cir.2003).

Defendant contends that Plaintiff cannot show that he had an ADA qualifying disability and he presents no evidence that he has a physical impairment that substantially limits one or more of his major life activities.  In order to prove a qualifying disability, Plaintiff argues that the day before presenting for his employment physical he met with a social worker regarding making accommodations to his home to allow him to more easily enter and exit his bath and he has a 50 pound lifting restriction.

In order to determine if an impairment prevents or severely restricts Plaintiff from performing a major life activity the Court will consider (1) the nature and severity of the

impairment; (2) the duration or expected duration of the impairment; and (3) the permanent or long term impact, resulting from the impairment.  29 C.F.R. §1630.2(j)(2).  Although Plaintiff's wrist injury and lifting restriction may have imposed limitations on Plaintiff's daily routine, Plaintiff has offered no evidence that the limitations or restrictions "significantly limited" a major life activity.  [M]erely having an impairment does not make one disabled for purposes of the ADA".  *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 195 (2002).  Furthermore, "[i]t is insufficient for individuals attempting to prove a disability status under this test to merely submit evidence of a medical diagnosis of an impairment." *Id.* at 198.  Instead, those individuals must "prove a disability by offering evidence that the extent of the limitation [caused by their impairment] in terms of their own experience . . . is substantial." *Id.*  Plaintiff has failed to make this showing.

In cases in which plaintiffs have restrictions on lifting, the Eighth Circuit Court of Appeals has said that restrictions on lifting will not be enough to establish disability. *Nuzum v. Ozark Automotive Distributors, Inc*. 432 F.3d 839, 844 (8th Cir. 2005), *accord Wenzel v. Missouri-Am. Water Co.*, 404 F.3d 1038, 1041 (8th Cir.2005) ("A lifting restriction, without more, is not a disability."); *Conant v. City of Hibbing*, 271 F.3d 782, 785 (8th Cir.2001) (per curiam)("This court has repeatedly held that the type of work restriction at issue in this case [no lifting more than 30 pounds and no repeated bending or squatting] does not amount to a 'disability' within the meaning of the ADA."); *Brunko v. Mercy Hosp*., 260 F.3d 939, 941 (8th Cir.2001) ("Although lifting itself is identified as a major life activity, this court has held that a general lifting restriction without more is insufficient to constitute a disability within the meaning of the ADA.").  Additionally, Plaintiff has not shown that he is unable to care for

himself and further has not shown that he is either unable to or severely restricted in his ability to bathe.

The Court does not find evidence sufficient to show that the Defendants perceived or treated Plaintiff as being substantially limited in a major life activity. Further, Defendant has presented a legitimate nondiscriminatory reason for Plaintiff's termination and Plaintiff has failed to prove pretext.

For these reasons, the Court finds that Defendant's motion for summary judgment should be and hereby is GRANTED.

IT IS SO ORDERED this 16th day of April, 2008.

_____
James M. Moody
United States District Judge